UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

EDITH M. RIOS,
     Appellant,

      v.

DEPARTMENT OF JUSTICE,
     Agency.

DOCKET NUMBER
NY-0752-15-0229-I-1

DATE: June 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edith M. Rios</u>, Guaynabo, Puerto Rico, pro se.

<u>Katherine Meng</u>, <u>Katherine Stewart</u>, and <u>Lillian Monfort</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that the agency denied her adequate notice and opportunity to respond to the management-directed reassignment (MDR) and motion to exclude evidence, we AFFIRM the initial decision.

¶2    The appellant argues that the Board has jurisdiction over her involuntary retirement appeal. Petition for Review (PFR) File, Tab 1 at 1-3. She disagrees with the administrative judge's findings that she failed to prove that her retirement was involuntary under the unsustainable threatened action theory. *Id.* at 3-5. She further argues that the administrative judge erred in finding that the agency did not discriminate against her based on her age. *Id.* at 4, 8-9. She also provides a list of prohibited personnel practice provisions and merit systems principles and asserts, without argument, that the agency violated each provision. *Id.* at 1-2. These allegations do not provide a basis for review. *See* 5 C.F.R. § 1201.115.

¶3    We also consider the appellant's arguments that the agency failed to properly notify her of the selection criteria, to provide her enough time to respond and submit evidence indicating that she was the most senior Industry Operations Investigator (her former position) before issuing the MDR, or to suspend the MDR order pending an investigation into her allegations of discrimination and

claims of error. PFR File, Tab 1 at 10. Although the appellant raised those allegations below, the administrative judge did not consider them as a challenge to the legitimacy of the agency's action. Initial Appeal File (IAF), Tab 7, Exhibit B at 3, 6-7, Tab 19 at 7-8; *see generally Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 19 (2008) (explaining that the Board construes pro se pleadings liberally).

¶4      An agency must ensure that an MDR was based on a legitimate management reason and that the employee was given adequate notice of the reassignment. *See generally Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 9 (2003) (explaining that to take an adverse action based upon an employee's failure to accept an MDR, the agency must show that the reassignment was based upon a legitimate management reason, the employee was given adequate notice of the reassignment, and the employee refused to accept the reassignment). The administrative judge found that the MDR was taken for bona fide management reasons; we have no basis to disturb that finding. IAF, Tab 30, Initial Decision (ID) at 8-13. We further find that the appellant also received adequate notice of her MDR because the agency advised her that she would be reassigned from the Puerto Rico Satellite Office to the Miami VI Field Office nearly 4 months before the December 14, 2014 effective date of her reassignment. *See Wear v. Department of Agriculture*, 22 M.S.P.R. 597, 598-99 (1984) (notifying an employee of the MDR 1 month before the effective date of the reassignment is adequate); *O'Connor v. Department of the Interior*, 21 M.S.P.R. 687, 689 (1984) (interpreting adequate notice as having sufficient time between when the employee is notified of the MDR and his reporting date). The appellant has not shown that she was entitled to any further notice or opportunity to respond. *See generally* 5 U.S.C. § 7513 (granting the enumerated statutory due process rights only to those adverse actions listed under 5 U.S.C. § 7512, of which an MDR without a loss in grade or pay is not a part). Thus, the appellant has not shown that the administrative judge's failure to consider those claims affected her

substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶5 Finally, the appellant alleges that the administrative judge erred by considering evidence relating to her personal and family situation that she requested be excluded from the record. PFR File, Tab 1 at 7-8. Although the appellant raised her apparent motion in limine as an objection to the status conference summary, IAF, Tab 22 at 5, the administrative judge did not rule on her motion and instead addressed that evidence in the initial decision, ID at 23. To the extent this was error, it is not reversible. Because the administrative judge found that the appellant's personal considerations for refusing the reassignment did not factor into whether the agency's actions were coercive, there is no indication that she would have reached a different result had the evidence been removed from the record. ID at 23; *see Renville v. Department of Health and Human Services*, 21 M.S.P.R. 737, 739-40 (1984) (finding that the appellant's retirement was not coerced because his reasons for retiring in lieu of being reassigned were personal and not attributable to any agency action), *aff'd*, 790 F.2d 93 (Fed. Cir. 1986) (Table). Accordingly, we find that the appellant has not shown that she was prejudiced by that potential error. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that the administrative judge's procedural error was of no legal consequence unless it was shown to have adversely affected a party's substantive rights).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
_____
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.